IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-24-00865-JD |
| | ) |
| GRADY COUNTY DETENTION CENTER, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Suzanne Mitchell on November 21, 2024. [Doc. No. 6]. The R. & R. recommends that the Court dismiss Petitioner Chris Elroy Loveless's 28 U.S.C. § 2241 petition [Doc. No. 1] because Loveless raises claims and seeks relief that are not cognizable in a § 2241 action and he has failed to exhaust the remedies available to him in state court. R. & R. at 6–10. In addition, Loveless's challenges to aspects of his pretrial detention and requests for access to legal services are moot because he has been convicted and sentenced and counsel has been appointed for his appeal. *Id.* at 7–8. The R. & R. advised Loveless of his right to object by December 12, 2024, and warned that failure to object timely would waive the right to appellate review of the factual and legal issues in the R. & R. *Id.* at 10.

Loveless did not file an objection or request an extension of time to do so.[1] "[A]

---

[1] "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4. *See also Theede v. U.S. Dep't of Labor*, 172 F.3d

party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include: "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised.'" *Id.* at 1120.

Here, the R. & R. sufficiently informed Loveless of both the time period for

---

1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [petitioner] is acting pro se does not eliminate this burden.").

objecting and the consequences of failing to object. *See* R. & R. at 10. The interests of justice do not require review because the R.& R. was mailed to Loveless's provided address as of November 21, 2024, and the Court has no evidence of Loveless's effort to comply or an explanation for his failure to comply. Thus, the firm waiver rule applies, and Loveless has waived his right to challenge the R. & R.

Nevertheless, de novo review of the petition and the R. & R. would lead the Court to reach the same conclusion as the magistrate judge. Specifically, Loveless's petition must be dismissed because he has not exhausted his state-court remedies. "AEDPA prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017); *see Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (recognizing that state-court exhaustion applies under both § 2241 and § 2254). "In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court . . . ." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). "The petitioner bears the burden of proving either that state remedies were exhausted or that exhaustion would have been futile." *Fontenot v. Crow*, 4 F.4th 982, 1020 (10th Cir. 2021) (citing *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011)). Loveless has not shown exhaustion or futility. *See also* R. & R. at 9–10.

Therefore, the Court ADOPTS the R. & R. [Doc. No. 6] in its entirety and DISMISSES the § 2241 petition [Doc. No. 1] without prejudice. *See Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (explaining that "a federal court [generally] should

dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies").

Even if the firm waiver rule did not bar appellate review, Loveless would not be entitled to a certificate of appealability. To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (same).

After considering the petition, the R. & R., this Order, and the record, the Court finds that reasonable jurists could not debate the Court's determination that Loveless's habeas corpus claim is subject to dismissal because he failed to exhaust available state-court remedies before filing his petition. Because Loveless cannot make the required showing under the statute and Supreme Court precedent, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 27th day of December 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE